FILED
CLERK

2011 MAY 11  PM 12: 18

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CRISTIAN GARCIA,

**CV 11 - 2284**

Plaintiff,

**COMPLAINT**

-against-

JURY TRIAL DEMANDED

THE CITY OF NEW YORK, ALBERT CABELLO, and
JOHN DOE,

Defendants.

**WEINSTEIN, J.**

-------------------------------------------------------------------X

**J. ORENSTEIN, M.J.**

Plaintiff CRISTIAN GARCIA, by and through his attorneys, **THE LAW OFFICE OF**

**SCOTT G. CERBIN, ESQ., PLLC,** complaining of the Defendants herein, respectfully show

the Court and allege:

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which the Plaintiff seeks relief for the Defendants'

violation of their rights secured by the Civil Rights Act of 1871, 42 U.S.C. §1981 and §1983;

by the United States Constitution, including its Fourth and Fourteenth Amendments, and by

the laws of the Constitution of the State of New York. The Plaintiffs seek damages, both

compensatory and punitive, affirmative equitable relief, an award of costs and attorney's

fees, and such other and further relief as this Court deems just and equitable.

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court is invoked under 28 U.S.C. § 1343 and 42 U.S.C. §1981 and

§1983.

3.     Venue herein is proper for the United States District Court for the Eastern District of New York under 28 U.S.C. §1391 (a), (b), and (c).

## PARTIES

4.     Plaintiff CRISTIAN GARCIA at all times hereinafter mentioned was a citizen of the United States residing in the State of New York, County of Kings.

5.     Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

6.     Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipality entitled, created, and authorized to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

7.     Defendants ALBERT CABELLO ("CABELLO") and JOHN DOE ("DOE") are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of Defendant THE CITY OF NEW YORK. Defendants CABELLO, and DOE are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of Defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the

performance of their lawful function in the course of their duties. Defendants CABELLO and DOE are sued individually.

## STATEMENT OF FACTS

8.      On or about May 19, 2010, Plaintiff CRISTIAN GARCIA was arrested in the County of Kings by the New York City Police Department acting through their duly appointed agents, Defendants CABELLO and DOE.

9.      Plaintiff was charged with *inter alia* Making Graffiti; NY Penal Law § 145.60. Upon information and belief in October 2010 Plaintiff plead guilty to the violation of Disorderly Conduct; NY Penal § 240.20; and all other charges were dismissed.

10.     During the arrest, Defendant CABELLO broke the nose of Plaintiff GARCIA by striking him in the face with a closed fist and caused a laceration to Plaintiff's face, above the eye, which required three stitches.

## AS AND FOR A FIRST CAUSE OF ACTION
(U.S.C. §1983 Deprivation of Rights)

11.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

12.     By their conduct and actions in arresting, imprisoning, failing to intercede on the behalf of Plaintiff CRISTIAN GARCIA, and in failing to protect them from the unjustified and unconstitutional treatment the received at the hands of Defendants, acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of Plaintiff's

constitutional rights as guaranteed under 42 U.S.C. § 1981 and §1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

13. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered great humiliation, costs, and expenses, and was otherwise damaged and injured.

## AS AND FOR A SECOND CAUSE OF ACTION
(Liability of Defendant the City of
New York for Constitutional Violations, Negligent Hiring, Screening, Retention, Supervision, and Training)

14. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

15. At all times material to this complaint, Defendant THE CITY OF NEW YORK, acting through its police department, and through Defendants CABELLO and DOE had de facto policies, practices, customs, and usages which where a direct and proximate cause of the unconstitutional conduct alleged herein.

16. At all times material to this Complaint, Defendant THE CITY OF NEW YORK, acting through its police department, and through Defendants CABELLO and DOE had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers and of failing to inform the individual Defendants' supervisors of their need to train, screen, supervise, or discipline said Defendants. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

17. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered great humiliation, costs, and expenses, and were otherwise damaged and injured.

## AS AND FOR A THIRD CAUSE OF ACTION
(False Arrest)

18.    Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

19.    By the actions described above, Defendants CABELLO and DOE falsely arrested and imprisoned Plaintiff CRISTIAN GARCIA without reasonable or probable cause, illegally and without a warrant, and without any right to do so. The acts and conduct of the Defendants were the direct and proximate cause of injury and damage to Plaintiff CRISTIAN GARCIA and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

20.    As a result of the foregoing, Plaintiff was deprived of his liberty, suffered great humiliation, costs, and expenses, and were otherwise damaged and injured.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Prosecution)

21.    Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

22.    By the actions described above, Defendants CABELLO and DOE maliciously prosecuted or caused to be maliciously prosecuted Plaintiff CRISTIAN GARCIA. The acts and conduct of the Defendants were the direct and proximate cause of injury and damage to the Plaintiff and violated his statutory and common law rights as guaranteed by the laws of the Constitution of the State of New York.

23.    As a result of the foregoing, Plaintiff CRISTIAN GARCIA was deprived of his liberty, suffered great humiliation, costs, and expenses, and was otherwise damaged and injured.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Battery)

24.    Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

25.    By their actions, Defendants CABELLO and DOE violently touched Plaintiff CRISTIAN GARCIA without his consent.

26.    As a result of the foregoing, Plaintiff suffered great humiliation, costs, and expenses, and was otherwise damaged and injured.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Excessive Force)

27.    Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

28.    By their actions, Defendants CABELLO and DOE used excessive force by using physical force without justification, negligently handling the situation, failing to use proper police procedure, and making a hasty and unwarranted resort to force.

29.    As a result of the foregoing, Plaintiff suffered great humiliation, costs, and expenses, and was otherwise damaged and injured.

WHEREFORE, Plaintiff demands the following relief jointly and severally against all of the Defendants[1]:

a.      Compensatory damages in the amount of $1,000,000.00 (One Million Dollars).

b.      Punitive damages in the amount of $2,000,000.00 (Two Million Dollars).

c.      Costs and attorney's fees.

d.      Such other and further relief as this court may deem appropriate and equitable.

Dated: Brooklyn, New York
       May 7, 2011

                                        Yours, etc.

                                        SCOTT G. CERBIN, PLLC
                                        Counsel for Plaintiff

                                        By: Scott G. Cerbin (SC5508)
                                        26 Court Street, Suite 810
                                        Brooklyn, New York 11242
                                        (718) 596-1829

---

[1] Punitive damages are sought only against Defendants CABELLO and DOE.